29 N.J. Super. 232 (1953)
102 A.2d 110
WILLIAM B. MATTHEWS, PLAINTIFF,
v.
THE BOARD OF EDUCATION OF THE TOWN OF IRVINGTON, COUNTY OF ESSEX, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 30, 1953.
Messrs. Ruhlman & Ruhlman (Mr. Cassel R. Ruhlman, Jr., appearing), for the plaintiff.
*233 Mr. A. Albert Eichler (Mr. Ira D. Dorian of counsel and on the brief), for the defendant.
DANIEL J. BRENNAN, J.S.C.
This is a proceeding in lieu of prerogative writ.
The plaintiff, a former teacher in the public school system of the Town of Irvington, challenges the refusal of the board of education to pay to the plaintiff a pension of $3,050 a year instead of $2,700 currently being paid. The plaintiff was born on May 30, 1891 and is presently 62 years of age. He was employed by the board of education on January 11, 1922 "to teach physical training to boys and coach athletics in the Irvington High School" (Exhibit A). Since that year through the 1952-1953 school year the plaintiff has rendered such services to the defendant as physical education and athletics coach continuously except for two years prior to 1931 during which two years he did not coach athletics (Stipulation, paragraph 5). Plaintiff's salary for the school year 1952-1953 was $5,400, which was accepted by him and paid to him (Exhibit D).
At the end of the school year 1952-1953, plaintiff on June 30, 1953 retired and applied to the defendant for payment of a pension pursuant to R.S. 43:4-1 et seq., which provides for retirement of veterans after 20 years' public service and which allows a pension of "one-half of the compensation then being received." R.S. 43:4-3. There is no question but that plaintiff is an honorably discharged veteran of World War I.
The defendant has paid to the plaintiff moneys in addition to his contract salary from the year 1932 through 1953 in various amounts ranging from $250 to $700 and paid in one sum at the end of the fall of the school year. From 1932 to 1939 these payments were designated variously as "compensation for coaches," "compensation for extra services," "payment for services rendered," and "payment of extra services to coaches." From 1939 through 1952 the payment was designated by the board of education as an "honorarium" in its awarding motion or resolution.
*234 No deductions were made from any of the additional payments for any year prior to 1951 for pension purposes under the contributory system although deductions were made from his salary. In 1951 the plaintiff requested the deductions to be made and the same was done for the years 1951 and 1952 at his request (Exhibit C).
Upon plaintiff's application for retirement under R.S. 43:4-1 et seq., the defendant made semi-monthly payments of pension from July 1, 1953 on the basis of one-half of the plaintiff's contract salary ($5,400) for the year, which was $2,700. The defendant has refused to include the said $700 in computing the amount of the pension on the basis that it was an honorarium only and not part of his contract salary or compensation received at the time of his application for retirement.
The matter is before the court on complaint and answer, pretrial order and stipulation of facts. The situation here appears to be one of novel impression, the court conceiving that none of the cited cases by counsel on either side is apposite to the situation here.
A reading of Exhibit D, which is a photostatic copy of letter addressed by the board of education of the Town of Irvington to the plaintiff on June 12, 1952, is revelatory and instructive. The tenor thereof is reproduced here:
 "PUBLIC SCHOOLS
 Irvington 11, New Jersey
 TEACHERS' SALARY NOTIFICATION
 June 12, 1952
William Matthews.
The Board of Education has fixed your salary for the school year 1952-1953 at $5400.00 to be paid in twenty (20) or twenty-four (24) equal semi-monthly installments, beginning September 15, 1952.
The Board requests that you return one of these notifications to the Superintendent of Schools at once, if possible, or not later than June 20, 1952, signed as indicated.
 (Signed) BESSIE A. STECKMAN
 Asst. Secretary-Business Manager.
1. The above conditions are hereby accepted by me.
 (Signed) Wm. B. MATTHEWS
2. The above conditions are not accepted by me.
 (Signed)"
*235 It should be observed in passing that it is rather common practice of boards of education generally, even after a teacher has had tenure, to have him indicate his willingness to continue at a certain salary. This is done for the board's protection so it will have in advance full knowledge of its teacher complement for the succeeding school year. It is obvious from a reading of this exhibit that the contract inter partes was based on an annual salary of $5,400. The payments in addition thereto from year to year were invariably on the recommendation of the superintendent of schools that such be done. No matter how described, this was in essence an addition to salary. Manifestly it is not a part of the plaintiff's salary within what the court believes to be the intendment of the appropriate pension statute, and the plaintiff has no right to pension beyond that of half of what his contract salary was, $5,400, or pension payment on the basis of $2700 in appropriate installment payments.
There will be judgment for the defendant and against the plaintiff, no cause of action. There will be no costs.
Submit order accordingly.